# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. S1:4:11CR81AGF(MLM) |
| ) | |
| DOMINIC MICHAEL ORLANDO, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On August 8, 2011 this matter came before the court for a hearing on defendant's Motion for Disclosure of Expert Testimony [Doc. 187] and Motion for Disclosure of Co-conspirator Statements and for a Pretrial Determination of the Admissibility of Co-conspirator Statements [Doc. 189] The government filed a written Response. [Doc. 212]

At the time of the scheduled hearing the parties indicated that no argument was necessary and that they would stand on their written submissions.

**1.    Defendant's Motion for Disclosure of Expert Testimony [Doc. 187]**

In this Motion defendant requests the entry of an order requiring the government to disclose, a reasonable time before trial, a summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial along with the witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

The government responded that it will, according to Federal Rule of Criminal Procedure 16 and Federal Rules of Evidence 702, 703 and 705 provide reasonable notice in advance of trial of the general nature of any such testimony it intends to introduce at trial. Therefore this Motion will be granted to the extent of the government's offer to produce and denied in all other respects.

2. **Defendant's Motion for Disclosure of Co-conspirator's Statements and for a Pretrial Determination of the Admissibility of Co-conspirator Statements [Doc. 189]**

In this Motion the defendant moves the court to require the prosecution to provide a pretrial proffer, by way of written submission or pretrial evidentiary hearing, regarding any statements that the prosecution intends to present at trial as statements of co-conspirators in furtherance of the conspiracy under Rule 801(d)(2)(E) of the Federal Rules of Evidence and asks the court to make a pretrial determination as to the admissibility of any such statements.

The government responded that in accordance with Federal Rules of Evidence 801(d)(2)(E) and 104(a) and (b), the preliminary questions concerning . . .the admissibility of evidence should be determined by the *trial court*, because the admissibility of the statements may depend on the fulfillment of conditions of fact. The government cites <u>Bourjaily v. United States</u>, 483 U.S. 171, 175 (1987) (co-conspirator statements will be admitted only after the *trial court* determines they fall within the definition of the rule.)

As an initial matter, the rules of discovery do not require the government to produce statements of co-conspirators. <u>United States v. Manthei</u>, 979 F.2d 124, 126

(8th Cir. 1992); United States v. Hoelscher, 914 F.2d 1527, 1535 (8th Cir. 1990), cert. denied, 498 U.S. 1090 (1991). The same is true of a request for statements attributed to defendant by third parties. United States v. Vitale, 728 F.2d 1090, 1094 (8th Cir.), cert. denied, 469 U.S. 825 (1984). Rule 16 of the Federal Rules of Criminal Procedure provides that statements by government witnesses are not discoverable except as provided by 18 U.S.C. § 3500, the Jencks Act.

United States v. James, 510 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917 (1979) requires that under Federal Rule of Evidence 104(a), the judge alone makes the determination of the admissibility of co-conspirators' declarations and sets out a preferred order of proof at trial.

**The Eighth Circuit established the procedure for this court:**

**For the purpose of providing guidance to the District Courts in future trials, we submit that the following procedural steps should be utilized when the admissibility of a co-conspirator's statement is at issue, regardless of the nature of the charge or charges: (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged co-conspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objections; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a co-conspirator during the course of and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence, the court will make an explicit determination for the record regarding the admissibility of the statement; (d) that if the court determines that the government has failed to carry out the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial unless a cautionary instruction the jury to disregard the statement would suffice to cure any prejudice. See United States v. Stanchich, 550 F.2d 1294, 1298 (2nd Cir. 1977). The foregoing procedural steps should transpire out of the hearing of the jury. See Fed. R. Evid. 104(c). (2) After a ruling on the record that the out-of-**

> court declaration is admissible under Rule 801(d)(2)(E), the court may submit the case to the jury. The court should not charge the jury on the admissibility of the co-conspirator's statement but should, of course, instruct that the government is required to prove the ultimate guilt of the defendant beyond a reasonable doubt. An appropriate instruction on credibility should be given, and the jury should be cautioned with regard to the weight and credibility to be accorded a co-conspirator's statement.

United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978). See also United States v. Macklin, 573 F.2d 1046 (8th Cir. 1978). This method of admission has been approved in United States v. Moss, 138 F.3d 742, 744 (8th Cir. 1998), cert. denied, 122 S.Ct. 848 (2002).

The choice of procedure remains within the discretion of the trial court. United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995) citing United States v. Reda, 765 F.2d 715, 721-22 (8th Cir. 1985)(the district court may choose to hold a preliminary hearing rather than conditionally admitting the statements prior to the government's proof of a conspiracy).

If defendant's request is really an attempt to obtain discovery of the government's case, the Eighth Circuit has also rejected this approach. As noted above, the rules of discovery do not cover the testimony of government witnesses as to oral statements by a co-conspirator in the course of the conspiracy. United States v. Hoelscher, 914 F.2d 1527, 1535 (8th Cir. 1990), cert. denied, 498 U.S. 1090 (1991). These statements are only discoverable under 18 U.S.C. § 3500 (Jencks Act). Id. The government has responded to defendant's discovery motions that it is aware of its responsibilities under the Jencks Act and, if such information exists, it will produce it at the appropriate time.

Because the Eighth Circuit approves the <u>Bell</u> procedure, the undersigned will recommend the defendant's Motion for a Pretrial Hearing be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Disclosure of Expert Testimony is **GRANTED** to the extent of the government's offer to produce and **DENIED** in all other respect. [Doc. 187]

**IT IS HEREBY RECOMMENDED** that defendant's Motion for Disclosure of Co-conspirator's Statements be **DENIED** subject to the provisions of 18 U.S.C. § 3500. [Doc. 189-1]

**IT IS FURTHER RECOMMENDED** that a pretrial determination of the admissibility of co-conspirator statements be **DENIED**. [Doc. 189-2]

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990).

<u>/s/Mary Ann L. Medler</u>
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>  9th  </u> day of August, 2011.