UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CR00081AGF |
| | ) | |
| DOMINIC MICHAEL ORLANDO, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on the Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Judge Mary Ann L. Medler under 28 U.S.C. § 636(b). In connection with the initial indictment, Defendant Dominic Michael Orlando filed a Motion to Suppress (Doc. #83), asserting that certain statements he made to law enforcement officers on October 25 and 26, 2010 should be suppressed, and that the items seized as a result of the search warrant that was obtained based on those statements should also be suppressed. Following an evidentiary hearing, Judge Medler issued a Report and Recommendation (Doc. #117; hereinafter, the "May 20 R&R"), recommending that Defendant's motion to suppress be denied, and that the government's motion for pretrial determination of Defendant's statements be granted. Defendant filed an objection, and the Court, on *de novo* review, overruled that objection and sustained and adopted the May 20 R&R. (Doc. #125).

The United States thereafter filed a superseding indictment, and Defendant, pursuant to second pretrial order, filed a motion for disclosure of expert testimony (Doc. #187) and a motion for disclosure of coconspirator statements and for a pretrial determination of the admissibility of coconspirator statements (Doc. #189). Regarding expert testimony, the United States agreed to provide reasonable notice in advance of trial of the general nature of any such testimony, according to the requirements of Rule 16, Fed. R. Crim. P., and Federal Rules of Evidence 702, 703 and 705. Regarding coconspirator statements, the United States objected to Defendant's request that it be required to disclose such statements prior to trial and to the request for a pretrial determination of those statements. At the hearing on the motions, the parties advised Judge Medler that no argument or testimony was necessary, and submitted the motions on their written filings.

Judge Medler issued an Order and Recommendation on August 9, 2011 (Doc. #224; hereinafter, the "August 9 O&R"), granting Defendant's motion regarding expert testimony to the extent of the United States' offer to produce, and denying the motion in all other respects. Judge Medler recommended that the motion for disclosure of coconspirator statements be denied, subject to the provisions of 18 U.S.C. § 3500, and that the request for a pretrial determination of the admissibility of coconspirator statements also be denied. Defendant filed an objection to Judge Medler's recommendation with regard to the coconspirator statements, and also renewed his

request that his previously filed motion to suppress be granted and that his pretrial statements not be admitted into evidence. (Doc. #236).

The Court has reviewed *de novo* the matters set forth in Defendant's motion for disclosure of coconspirator statements, and based on that review agrees with the Magistrate Judge's recommendations. As the Magistrate Judge correctly notes, the United States is not required to produce the statements of coconspirators or statements attributed to a defendant by third parties, except as provided by the Jencks Act, 18 U.S.C. § 3500. The Court is aware of its responsibilities to determine the admissibility of coconspirators' declarations, and intends to follow the procedure of conditionally admitting such statements at the time of trial, as set forth in United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978).

To the extent Defendant renews his motion to suppress statements, the Court denies that request. In the June 23, 2011 Order adopting the May 20 R&R, the Court set forth the basis for its determination that Defendant's statements are not subject to suppression, and Defendant has not presented anything that warrants a reconsideration of that determination.

The Court therefore adopts the August 9 O&R, and overrules Defendant's objections.

Accordingly,

**IT IS HEREBY ORDERED** that the Order and Recommendation of United States Magistrate Judge [Doc. #224] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

A final pretrial conference will be scheduled by separate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2011.